T.C. Summary Opinion 2007-117


UNITED STATES TAX COURT


PAULA L. WILSON, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

MICHAEL EDWARD RYAN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 22721-05S, 22747-05S.     Filed July 11, 2007.


Scott P. Hendricks, for petitioners.

Catherine S. Tyson, for respondent.


FOLEY, Judge:  This case was heard pursuant to section 7463[1]

of the Internal Revenue Code in effect when the petitions were

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

filed.  Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  The issue for decision is whether petitioners are entitled to certain deductions relating to their horse-breeding activity for 2002.

## Background

At all relevant times, Paula Wilson and Michael Ryan (collectively, petitioners) have been law enforcement officers. In 1995, petitioners established Wilson Ryan Quarter Horses, a horse training and breeding operation (the activity).  Ms. Wilson had significant experience in training horses (i.e., she began training horses at age 9) and was responsible for the training of petitioners' horses.

Petitioners routinely woke up before 5:00 a.m. each day to clean the horse stalls and feed the horses; returned from their respective law enforcement duties at 5:00 p.m.; and fed, trained, and cared for the horses late into the night.  In addition, petitioners kept continuous watch over the horses during breeding and foaling seasons.

From 1995 through 2002, Ms. Wilson attended exhibitions and advertised in trade magazines to promote Wilson Ryan Quarter Horses.  In addition, she consulted with trainers, doctors, and nutritionists to care for the horses properly.  Mr. Ryan

maintained the books and records and tended to the horses when Ms. Wilson was unavailable.  Neither petitioner rode the horses for pleasure.

In 1997, petitioners sold five horses for a profit. Petitioners, however, believed that they needed to find a unique type of horse to maximize their profit potential.  They researched several types of horses, concluded that Skipper W horses were the best "all-around performance" horses, and in October of 1996, bought Scotchcourt, a champion-bred Skipper W mare.  In 1997, Scotchcourt produced a stallion, Buzz, that petitioners anticipated would become a profitable stud.  After developing severe medical problems, however, he was not able to do so.

In 2000, petitioners sold their 10-acre farm and purchased a 75-acre farm.  On the new farm, they maintained a hayfield to feed the horses, three additional structures to house the horses, and a barn with stalls and a riding area to facilitate the breeding and training of the horses.

In September 2001, Ms. Wilson was injured while on duty as a law enforcement officer and, as a result, could not train horses for approximately 1 year.  In the fall of 2002, Ms. Wilson suffered a broken collarbone and was unable to train horses for another year.  In 2002, petitioners purchased a stallion, Scotch

N Lark, and hoped that he would sire numerous offspring that could be sold for profit.  Scotch N Lark, however, died from an undetectable illness.  Despite the setbacks, petitioners' herd grew from 5 horses in 1997 to 41 horses in 2002.

On August 30, 2005, respondent sent each petitioner a notice of deficiency relating to 2002.  Respondent determined that the activity was not engaged in for profit.  On December 1, 2005, while residing in Murphysboro, Illinois, each petitioner filed a petition with the Court.  On December 8, 2006, the cases were consolidated for trial, briefing, and opinion.

## Discussion

Section 183 limits the deductions relating to an activity not engaged in for profit.  Sec. 183(b).  For purposes of section 183, a taxpayer engages in an activity for profit if he enters into the activity with the actual and honest objective of making a profit.  The taxpayer's expectation of profit need not be reasonable, but he or she must have a good faith objective of making a profit.  Allen v. Commissioner, 72 T.C. 28, 33 (1979); sec. 1.183-2(a), Income Tax Regs.

Section 1.183-2(b), Income Tax Regs., sets forth a nonexclusive list of nine factors to guide courts in analyzing a taxpayer's profit objective.  The nine factors are:  (1) The manner in which the taxpayer carries on the activity; (2) the

expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, that are earned; (8) the financial status of the taxpayer; and (9) the elements of personal pleasure or recreation involved in the activity.

Having considered the factors listed in section 1.183-2(b), Income Tax Regs., we hold that petitioners actually and honestly intended to make a profit in the activity. Consequently, section 183 does not limit the deductions claimed by petitioners with respect to the activity.[2]

Respondent contends that because petitioners have incurred losses relating to the activity in each year, they did not have the requisite profit objective. To the contrary, petitioners honestly and actually believed that they would recoup their

---

[2] Pursuant to sec. 7491(a), petitioners have the burden of proof unless they introduce credible evidence relating to the issue that would shift the burden to respondent. See Rule 142(a). Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial. See Estate of Bongard v. Commissioner, 124 T.C. 95, 111 (2005).

losses and ultimately make a profit.  Sec. 1.183-2(b)(6), Income Tax Regs. (stating that losses incurred during the initial phase of a business are not necessarily an indication that the activity was not engaged in for profit).  Respondent contends that the fact that petitioners have never conducted a successful horse-breeding and training business indicates a lack of profit objective.  We conclude that this factor is outweighed by the following factors.

Petitioners carried on the activity in a businesslike manner.  They advertised in trade magazines, attended seminars, and kept records in a manner consistent with an intent to improve profitability.  In addition, they abandoned an unprofitable method in a manner consistent with an intent to improve profitability (i.e., determining that the Skipper W bloodline would be more profitable).  See sec. 1.183-2(b)(1), Income Tax Regs.  Petitioners did not ride the horses for pleasure.  See sec. 1.183-2(b)(9), Income Tax Regs. (stating that the presence of personal pleasure may indicate the lack of a profit objective).

Ms. Wilson had significant experience training horses, and petitioners consulted with experts relating to the caring, feeding, and training of horses.  In addition, petitioners regularly consulted with their accountant with respect to the activity's books and records.  Petitioners, in addition to their

law enforcement careers, devoted considerable time to, and handled all material aspects of, the activity.  Sec. 1.183-2(b)(3), Income Tax Regs. (stating that the fact that a taxpayer devotes substantial personal time and effort to carrying on an activity may indicate an intention to derive a profit).

Petitioners expected their farm and herd to appreciate. Furthermore, petitioners devoted all of their savings from their law enforcement salaries to the activity.  They are hardworking, diligent, and levelheaded.  We do not believe that they would squander their hard-earned money on an extravagant hobby.

The fact that the taxpayers do not have substantial income or capital from sources other than the activity may indicate that the activity is engaged in for profit.  See sec. 1.183-2(b)(8), Income Tax Regs.  Although petitioners suffered several setbacks (e.g., the injuries suffered by Ms. Wilson, the death of Scotch N Lark, etc.) that prevented them from making a profit, they actually and honestly believed that their future earnings and profit would be substantial.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decisions will be entered for petitioners</u>.